CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 21 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **HABAKKUK E. BEN YOWEL,** | ) | **CASE NO. 7:12CV00569** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | |
| **VIRGINIA DEPARTMENT** | ) | |
| **OF CORRECTIONS DIRECTOR, ET AL.,** | ) | **By:  James C. Turk** |
| | ) | **Senior United States District Judge** |
| **Defendant(s).** | ) | |

Habakkuk E. Ben Yowel, a Virginia inmate proceeding pro se, filed a motion for temporary restraining order, which this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he fears prison officials will soon transfer him from a segregation cell to a two-man cell. Upon review of the record, the court finds that the action must be summarily dismissed.

Yowel and other inmates like him who refuse for religious reasons to comply with the Virginia Department of Corrections (VDOC) grooming policy (Yowel refers to this group as "864-ers") have been housed for years in single-person cells.  Yowel asserts, however, that at some future time, VDOC officials intend to place the 864-ers in another unit where they would be required to have cell mates.  Yowel worries that many of the 864-ers are mentally ill or have gang affiliations and will be dangerous cell mates.  Yowel filed this action seeking a restraining order to prevent double-celling of 864-ers until they can be evaluated for any medical or mental health conditions that might not be consistent with double-celling.

The court filed Yowel's complaint conditionally and directed him to complete and return a verified statement indicating whether he had exhausted available administrative remedies before filing the action, as required under 42 U.S.C. § 1997e(a).  Yowel signed and returned a

verified statement, indicating that his administrative remedies were still in progress and had not been completed before he submitted his motion/complaint.

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To comply with § 1997e(a), an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure *before filing his § 1983 action.* See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006).

It is clear from Yowel's recent submissions that he did not complete all available levels of review under the prison's grievance procedures before filing this action. Because Yowel thus admits on the face of his submissions that he did not comply with the exhaustion requirement of § 1997e(a) as required, the court must dismiss his complaint without prejudice for noncompliance with § 1997e(a).

The court also dismisses the action because Yowel's allegations do not demonstrate that he is entitled to a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure, the only form of relief he seeks. Temporary restraining orders are issued without notice and only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have an opportunity to respond. See Fed. R. Civ. P. 65(b). In support of such a motion, the plaintiff must present "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage

2

will result to the movant before the adverse party can be heard in opposition" and must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Rule 65(b)(1).

Yowel's current motion offers merely his personal fears that double-celling 864-er inmates will place him at risk of harm from an unknown cellmate at some point in the future. He fails to state any facts suggesting that this speculative harm is so imminent that he is entitled to court action before allowing the defendant prison officials to respond to his allegations. Thus, his motion for restraining order is without merit.

For the reasons stated, the court dismisses Yowel's complaint without prejudice, pursuant to § 1997e(a) for failure to exhaust state court remedies, and denies his motion for restraining order. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _2 /st_ day of December, 2012.

Senior United States District Judge